IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHAUN HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-CV-1116-SMY-RJD |
| | ) |
| JERRY CHAVERS, LOUIS MITCHELAR, PATRICK CORZINE, and KENDALL ALVERS, | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

This matter is before the Court *sua sponte* on the issue of federal subject matter jurisdiction. *See Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007) ("it is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case"). For the following reasons, this case is **REMANDED** to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois.

Plaintiff Chaun Harris filed this action in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, seeking damages against Defendants Jerry Chavers, Louis Mitchelar, Patrick Corzine, and Kendall Alvers. Plaintiff asserts battery and violations of 740 ILCS 82/5, the Gender Violence Act, against Defendant Chavers (Counts I and II); excessive force against Defendant Mitchelar (Count III); and negligence against Defendants Alvers and Corzine (Counts IV and V).

On October 7, 2016, Defendant Mitchelar removed the action to this Court asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331. None of the remaining Defendants have consented to the removal.

A defect in the removal procedure requires remand of an action to state court. 28 U.S.C. § 1447(c). The propriety of removal is to be strictly construed against removal, with all doubts resolved in favor of remand. *See People of the State of Ill. v. Kerr-McGee Chem. Corp.,* 677 F.2d 571, 576 (7th Cir. 1982). Generally, a notice of removal is facially defective if it is not joined by all defendants or fails to explain why all defendants have not consented. *Shaw v. Dow Brands, Inc.,* 994 F.2d 364, 368 (7th Cir. 1993). It is well established that all defendants must either join in or consent to a notice of removal within the 30-day period provided by 28 U.S.C. § 1446. *McMahon v. Bunn-O-Matic Corp.,* 150 F.3d 651, 653 (7th Cir. 1998). In order to "join" the petition for removal, all defendants must support it in writing or explain why written support is unnecessary. *Roe v. O'Donohue,* 38 F.3d 298, 301 (7th Cir. 1994) (citing *Northern Illinois Gas Co. v. Airco Indus. Gases,* 676 F.2d 270, 272-73 (7th Cir. 1982). The failure of all defendants to join or consent is a "defect in the removal procedure" within the meaning of 28 U.S.C. § 1447(c).

This case became removable on September 12, 2016, when Defendant Mitchelar was served with a copy of the summons and complaint (Doc. 1-2). Pursuant to 28 U.S.C. § 1446(b), Defendants had thirty days, from September 12, 2016 until October 12, 2016 to file a proper notice of removal. Defendant Mitchelar removed the case on October 7, 2016. No other Defendant consented to removal even though at least Defendant Corzine had also been served with the summons and complaint (Doc. 1-3) at the time the case was removed. Defendant Mitchelar does not explain why Defendant Corzine did not consent. Further, no amendment to the notice of removal has been made.

Based on the record before the Court, the removal is defective and remand is warranted under 28 U.S.C. § 1447(c). Accordingly, the case is hereby remanded back to the Circuit Court

of the Third Judicial Circuit, Madison County, Illinois.  The Clerk of Court is **DIRECTED** to close this case and all pending motions are terminated as **MOOT**.

**IT IS SO ORDERED.**

**DATED:  November 1, 2016**

s/ Staci M. Yandle
**STACI M. YANDLE**
**United States District Judge**